**Elysee THEAGENE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71224.
Agency No. A31–121–648.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2003.

Decided Aug. 27, 2003.

Jaime Jasso, California Alien Rights Project, LLC, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Richard M. Evans, Esq., Office of Immigration Litigation, Michelle R. Slack, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, WARDLAW, Circuit Judges, and POGUE,* CIT Judge.

MEMORANDUM **

 Elysee Theagene petitions this Court for review of the Board of Immigra-

---

* The Honorable Donald Pogue, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion Appeals' final order of removal. Theagene first argues that he is not subject to removal because he is not an alien due to his military service to the United States. However, as Theagene failed to challenge the immigration judge's decision on this issue before the Board, Theagene failed to exhaust his administrative remedies. Thus, we lack jurisdiction to consider this aspect of his petition.[1]

■ Theagene argues that the Board erred in granting the government's motion to reconsider its ruling on Theagene's Convention Against Torture claim. The government's motion to reconsider properly stated a perceived error in law that the Board committed in reversing the immigration judge. As such, the Board acted within its discretion in granting the motion to reconsider.[2]

■ Citing our decision in *Gonzalez v. INS*,[3] Theagene argues that the Board violated his right to due process by applying an intervening en banc decision of the Board without providing him with notice and an opportunity to respond. We cannot agree. *Gonzalez* and *Castillo–Villagra v. INS*,[4] upon which *Gonzalez* relied, involved the Board's decision to take administrative notice of facts that bore on whether an alien was deportable. In *Gonzalez* and *Castillo–Villagra*, we concluded that the Board's decision to make legal judgments on the basis of facts of which the Board took administrative notice violated an alien's right to due process where the Board failed to give the alien an opportunity to respond.[5] However, Theagene cites

no authority for the proposition that an alien's right to due process is similarly violated when the Board applies controlling legal authority to a pending case without informing the alien or providing an opportunity to respond.

The Board's decision to apply legal principles from intervening case law is of a different character than the Board's decision to draw legal conclusions from facts introduced through administrative notice. In the latter, the violation of due process stemmed from depriving the alien of notice and an opportunity to respond to the Board's legal conclusion through the introduction of other facts.[6] Yet, Theagene does not explain why the application of intervening law without notice offends due process, given that developing an additional factual record is unnecessary when applying a pure change in law. Though a tribunal often requests supplemental briefs in such cases, applying new law to a pending case without notice does not, under any authority cited to us, offend due process. Nor does Theagene explain why publication of controlling legal authority – published a month before the Board's decision to reconsider his case – does not provide sufficient notice and an opportunity to address the legal issues raised in that authority in a motion to reconsider or for leave to file a supplemental brief.

■ Finally, Theagene argues that the Board's en banc decision in *Matter of J–E*[7] did not require the Board to deny his

1. 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies....").

2. 8 C.F.R. § 1003.2(a), 1003.2(b)(1).

3. 82 F.3d 903 (9th Cir.1996).

4. 972 F.2d 1017 (9th Cir.1992).

5. *Gonzalez*, 82 F.3d at 911–12; *Castillo–Villagra*, 972 F.2d at 1028–29.

6. *See Gonzalez*, 82 F.3d at 911–12.

7. 23 I & N Dec. 291, 2002 WL 481156 (BIA 2002) (en banc).

petition on his Convention Against Torture claim. We review de novo the Board's determinations as to purely legal questions.[8] The Board's initial October 30, 2001 decision, which granted Theagene asylum on the Convention Against Torture claim, rested on legal premises that the Board repudiated in *Matter of J–E–*.[9] Theagene conceded in his administrative proceedings that he had no evidence that his family had ever been persecuted or that he had personally been a victim of persecution in Haiti. As his claim under the Convention Against Torture was based on reports of prison conditions and detention, just as in *Matter of J–E–*, the Board's application of *Matter of J–E–* is legally sound. Theagene fails to distinguish *Matter of J–E–* on appeal.

■ In so far as Theagene challenges the BIA's holding in *Matter of J–E–*, we are required to defer to the Board's reasonable interpretation of immigration laws.[10] The Board's decision in *Matter of J–E–* is not unreasonable, so we defer to the Board's interpretation.

DISMISSED in part and DENIED in part.

---

**8.** *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

**9.** *See Matter of J–E–*, 23 I & N at 299–304.

**10.** *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001).